IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAN HORN, METZ & CO., INC., | : |
| *Plaintiff,* | : |
| v. | : CIVIL NO. 23-3596 |
| PNC FINANCIAL SERVICES GROUP, INC., | : |
| *Defendant.* | : |

MEMORANDUM

**Scott, J.**                                                                                                         **March 15, 2024**

Plaintiff Van Horn Metz & Co. ("Plaintiff") brings this action against Defendant PNC Bank, N.A. ("Defendant" or "PNC Bank"), improperly named in the Complaint as PNC Financial Services Group, Inc., for allegedly aiding and abetting Plaintiff's former employee's fraud. Currently pending before the Court is Defendant's Motion to Dismiss (ECF No. 4), which has been fully briefed. For the reasons set forth below, the Motion (ECF No. 4) will be granted. An appropriate Order will follow.

### I.     FACTUAL BACKGROUND

In May 1995, Plaintiff, a specialty raw materials distributer, hired Antonio J. Crisafulli a/k/a Anthony Crisafulli ("Crisafulli") as a bookkeeper. ECF No. 1, Ex. A, Compl. ¶¶ 1, 4, 12. About 10 years later, Crisafulli was promoted to Controller, a position which Crisafulli held until his death in October 2020. *Id.* ¶¶ 15–16. After Crisafulli's death in October 2020, Plaintiff discovered that, from 2013 to 2020, Crisafulli misappropriated in excess of $4.5 million from Plaintiff, by, among other things, making unauthorized ACH transfers totaling over $3.3 million from Plaintiff's PNC Bank Account to Crisafulli's PNC Accounts. *Id.* ¶¶ 18–19, 25. Plaintiff alleges that "PNC aided and abetted Crisafulli's fraud by failing to stop his criminal scheme,

1

which, upon information and belief, was obvious on its face and to which PNC was aware of in light of its admitted establishment and compliance with the Know Your Customer ('KYC') and Anti-Money Laundering ('AML') banking regulations." *Id.* ¶ 1.

## II. **PROCEDURAL HISTORY**

Plaintiff filed its Complaint in the Philadelphia County Court of Common Pleas on August 17, 2023. ECF No. 1, Ex. A, Compl. The Complaint includes a single cause of action for aiding and abetting fraud. *Id.* On September 15, 2023, Defendant removed this action to this Court. ECF No. 1. Thereafter, on September 22, 2023, Defendant filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. The Motion has been fully briefed. *See* ECF No. 5 (Plaintiff's Response in Opposition); ECF No. 7 (Defendant's Reply). Accordingly, the Motion is ripe for disposition.

## III. **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See*

*McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

IV.     **DISCUSSION**

The Pennsylvania Supreme Court recently recognized the cause of action of aiding and abetting fraud in *Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76 (Pa. 2023). To state a cause of action for aiding and abetting fraud, a plaintiff must plausibly allege: (1) the existence of a fraud by a third party; (2) that defendant had "actual knowledge of the fraud"; and (3) defendant provided "substantial assistance or encouragement" to the party committing the fraud. *See Marion v. Bryn Mawr Tr. Co.*, 288 A.3d 76, 79 (Pa. 2023); *see also Kilbride Invs. Ltd. v. Cushman & Wakefield of Pennsylvania, Inc.*, 294 F. Supp. 3d 369, 384–85 (E.D. Pa. 2018). In moving to dismiss, Defendant does not contest the first element of this cause of action, but rather, argues that Plaintiff has failed to adequately plead both the second and third element. As detailed below, the Court agrees with Defendant and will dismiss Plaintiff's Complaint.

A.     **Actual Knowledge**

The Pennsylvania Supreme Court has explained that to be held liable for aiding and abetting fraud, the defendant must have had *actual* knowledge of the underlying fraud. *Marion*, 288 A.3d at 89 (emphasis added). "[A]ctual knowledge can be proved through inference from circumstantial evidence." *Id.* at 91 (internal quotations and citation omitted). Moreover, "actual knowledge does not require the aider and abettor to underst[and] the full legal significance of the facts, or all the details of the primary wrongdoing. Rather, [i]t is sufficient if the defendant was aware of facts that made the primary conduct wrongful." *Id.* (internal quotations and citation omitted). Importantly, however, "[n]egligence will not suffice; nor is it enough to prove that the defendant should have known of the primary actor's wrongful conduct but did not." *Id.* at 92

(citation omitted). The Pennsylvania Supreme Court recognized that "a negligence scienter would effectively oblige banks [ ] and other entities who engage in a high volume of commercial transactions with numerous customers to engage in costly and intrusive monitoring and investigations of their customers' activities." *Id.* Therefore, the *Marion* Court found that "actual knowledge strikes the right balance between permitting redress for fraud victims on the one hand and protecting defendants from excessive costs and liability on the other." *Id.* at 91.

Here, the allegations in the Complaint do not plausibly allege actual knowledge; rather, construing them in Plaintiff's favor, they amount to, at most, allegations that Defendant "should have known" of Crisafulli's fraud. Of course, Plaintiff's Complaint contains conclusory statements that Defendant actually knew of Crisafulli's fraud. *See, e.g.*, Compl. ¶¶ 28, 33, 82. However, the only factual predicates for that knowledge are that Defendant has risk management programs and other structures in place to comply with certain federal laws, including the Bank Secrecy Act and "Know Your Customer" regulations. Plaintiff alleges that if Defendant complied with the laws and risk management programs, it must have known of Crisafulli's fraud by 2015 because Crisafulli was consistently transferring money from Plaintiff's account to his own. The Court does not find this is enough to plausibly allege actual knowledge.

To begin, courts have found that there is nothing inherently unusual about an employer consistently transferring funds to an employee's personal account. *See, e.g*, *DBI Architects, P.C. v. Am. Express Travel-Related Servs. Co.*, 388 F.3d 886, 895 (D.C. Cir. 2004) (recognizing defendant bank "had no reason to suspect fraud because it is not unusual for employers to pay the credit card debts of their employees" (citation omitted)); *Hartford Acc. & Indem. Co. v. Am. Exp. Co.*, 542 N.E.2d 1090, 1095 (1989) (describing an employee's payment of personal credit card using company checks as an "innocuous act" because "the use of corporate checks to pay

4

employees' debts is an every day occurrence in the business world" (internal quotations and citation omitted)). Therefore, the fact that Plaintiff made a series of transfers from the company account to his personal account does not suffice to plead actual knowledge.

Additionally, the fact that Defendant had risk management procedures and complied with federal laws cannot, as a matter of policy, be sufficient to allege actual knowledge. To do so, would open the floodgates to litigation, and result in the exact situation the Pennsylvania Supreme Court was attempting to avoid in adopting the actual knowledge scienter requirement as it would oblige banks who engage in high volume transactions with numerous customers to engage in "costly and intrusive monitoring and investigations of their customers' activities." *Marion*, 288 A.3d at 91. Additionally, it would result in "shifting the risk of loss from the party in the best position to discover the loss to the party least likely to discover it." *Travelers Cas. & Sur. Co. v. Citibank (S. Dakota), N.A.*, No. 8:03-cv-2548, 2007 WL 2875460, at *3 (M.D. Fla. Sept. 28, 2007) (internal quotations and citation omitted).

At most, Plaintiff's allegations establish that because of Defendant's risk management procedures, Defendant *should have known* of Crisafulli's fraud. Such allegations are insufficient to plead Defendant's actual knowledge of Crisafulli's fraud. *See, e.g.*, *Bud's Goods & Provisions Corp. v. Doe*, No. 22-cv-40002, 2023 WL 4106827, at *4 (D. Mass. June 21, 2023) (explaining the fact that bank "might have noticed red flags that *potentially* indicated fraud, [is] far short of the actual knowledge required for aiding and abetting"); *Wiand v. Wells Fargo Bank, N.A.*, 938 F. Supp. 2d 1238, 1244–45 (M.D. Fla. 2013) (explaining "red flags or procedural infirmities that should have alerted the bank to potentially unscrupulous activity by its customer . . . . are insufficient to establish a claim for aiding and abetting because although they may have put the banks on notice that some impropriety may have been taking place, those alleged facts do not

create a strong inference of actual knowledge of wrongdoing" (internal quotations and citations omitted)). Therefore, the Court finds that Plaintiff has failed to plead actual knowledge.

### B. Substantial Assistance or Encouragement

Even if the Complaint had alleged actual knowledge, Plaintiff has failed to sufficiently plead substantial assistance or encouragement to Crisafulli's scheme. The only connection in Plaintiff's Complaint between Defendant and the fraudulent transfers is Defendant's processing of those transactions. By processing Crisafulli's transactions, Plaintiff alleges that Defendant "did nothing to curtail Crisafulli's activity, close the account, or file a suspicious activity report ('SAR') as required by applicable regulations." Compl. ¶ 83. However, this does not demonstrate that Defendant was "doing anything more than providing its usual banking services to a customer, and 'the mere fact that participants in a fraudulent scheme use accounts at a bank to perpetrate it, without more, does not in and of itself rise to the level of substantial assistance.'" *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 427 (S.D.N.Y. 2007) (citations omitted). Thus, Plaintiff has failed to plead substantial assistance or encouragement of Crisafulli's fraud.

### V. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint. However, while the Court considers it unlikely, it may be possible that an amended pleading could cure the deficiencies by pleading concrete reasons for believing Defendant knew of Crisafulli's fraud and substantially assisted or encouraged Crisafulli's fraud. Therefore, the Complaint will be dismissed without prejudice. An appropriate Order will follow.

BY THE COURT:

/S/KAI N. SCOTT
_____
**HON. KAI N. SCOTT**
**United States District Court Judge**
